**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700

*Attorneys for Plaintiff*,
Lawrence Michael Doherty, Jr.

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAWRENCE MICHAEL DOHERTY, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**MICROBILT CORPORATION AND APARTMENT OWNERS ASSOCIATION OF CALIFORNIA, INC.,**<br><br>Defendants. | Case No.: 2:22-cv-03891<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>2.) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**

# INTRODUCTION

1. This is a case about a consumer reporting agency who furnished inaccurate information to a second consumer reporting agency, causing the consumer to lose an apartment rental.

2. **LAWRENCE MICHAEL DOHERTY, JR.** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorney fees, and costs, against **MICROBILT CORPORATION and APARTMENT OWNERS ASSOCIATION OF CALIFORNIA, INC.** for violations of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., (hereinafter "FCRA"), and for violations of California Civil Code §§ 1785 et seq. (hereinafter "CCRAA").

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

7. The FCRA was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

utilization of such information …" 15 U.S.C. § 1681(b); *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to consumer reporting agencies, who are called "furnishers."

8. The CCRAA, the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[2] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency if the person [furnisher] knows or should know the information is incomplete or inaccurate."

9. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

---

[1] 15 U.S.C. § 1681(a)(4).
[2] Cal Civ. Code § 1785.1(d).

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

11. This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., and California Civil Code §§ 1785 et seq..

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

13. Plaintiff is natural person who resides in Los Angeles County, California. Plaintiff is "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

14. Defendant MicroBilt Corporation (hereinafter "MBC") is a Delaware corporation operating from an address of 100 Canal Pointe Blvd., Suite 208, Princeton, NJ 08540, and is a "person" as defined by 15 U.S.C. § 1681a(b).

15. Defendant Apartment Owners Association of California, Inc. (hereinafter "AOA") is a California corporation operating from an address of 6445 Sepulveda Blvd., #300, Van Nuys, CA 91411, and is a "person" as defined by 15 U.S.C. § 1681a(b).

16. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

17. Defendants AOA and MBC are "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs").

18. Defendant MBC is a furnisher of information as contemplated by FCRA

sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

19. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned the named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of its authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### FACTUAL ALLEGATIONS

20. Plaintiff is an individual residing in Los Angeles County, California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in California.

22. Within the five years previous to the filing of this Complaint, Defendants AOA prepared and distributed one or more consumer reports, as that term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained misleading or inaccurate information related to tax liens not belonging to Plaintiff, as reported to Defendant AOA by Defendant MBC.

23. Defendants AOA failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information reported to Defendant AOA by Defendant MBC.

24. Defendants AOA and MBC know that furnishers often fail to differentiate between two different people with similar names (example: Jr. versus Sr.).

25. Defendants AOA and MBC have been sued by consumers and have suffered judgments as a result of furnisher failures to differentiate between two different people with similar names (example: Jr. versus Sr.).

26. Defendant MBC knows that it often fails to differentiate between two different people with similar names (example: Jr. versus Sr.).

27. Defendant MBC has been sued by consumers and suffered judgments as a result of its failures to differentiate between two different people with similar names (example: Jr. versus Sr.).

28. Defendants AOA and MBC have willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports.

29. Upon information and belief, Defendants MBC published credit information to at least one CRA relating to tax lien information that did not apply to Plaintiff.

30. Defendants AOA and MBC knew or should have known that the information reported to AOA by MBC relating to tax liens did not belong to Plaintiff because Plaintiff's name is Lawrence Michael Doherty, Jr. (not Senior), and his SSN is different than the SSN to whom the tax liens actually belong.

31. Defendants AOA and MBC continued to report the tax liens as belonging to Plaintiff despite the fact that they should have known they did not belong to Plaintiff.

32. On information and belief, Defendant MBC is the entity that furnished the inaccurate tax lien information to Defendant AOA.

33. On information and belief, the inaccurate tax lien information also appeared on Defendant MBC's consumer report for Plaintiff at one time, when Defendant MBC knew or should have known that at information did not belong to Plaintiff.

## ACTUAL DAMAGES

34. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from

credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

35. Defendants' conduct caused Plaintiff to lose a lease on an apartment rental because of the inaccurate reporting of tax liens on Plaintiff's AOA report.

36. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

///

# CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681E(B)

### [AGAINST AOA AND MBC]

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendants MBC and AOA violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files.

39. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

40. Defendants' conduct was willful, rendering AOA and MBC liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative AOA and MBC were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from AOA and MBC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681S-2(B)(1)(A)

### [AGAINST DEFENDANT MBC]

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. On one or more occasions within the two years prior to the filing of this suit, by

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

example only and without limitation, MBC violated 15 U.S.C. § 1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

44. MBC understood the nature of Plaintiff's disputes when it received an ACDV from AOA.

45. As a result of the conduct, actions and inactions of MBC Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

46. The conduct, actions and inactions by MBC were willful, rendering MBC liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative MBC was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from MBC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VIII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681S-2(B)(1)(B)
### [AGAINST DEFENDANT MBC]

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, MBC violated 15 U.S.C. § 1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

50. As a result of the conduct, actions and inactions of MBC Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation,

embarrassment, humiliation and other mental and emotional distress.

51. The conduct, actions and inactions by MBC were willful, rendering MBC liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative MBC was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

52. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from MBC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT XI
## VIOLATION OF THE CCRAA
## CAL CIV § 1785.25(A)
## [AGAINST DEFENDANT MBC]

53. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, MBC violated Cal. Civ. Code § 1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

55. As a result of the conduct, actions and inactions of MBC, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, loss of rental apartment, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

56. The conduct, actions and inactions by MBC were willful, rendering MBC liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative MBC was negligent entitling the Plaintiff to recover under Cal. Civ.

Code § 1731(a)(1).

57. Plaintiff is entitled to recover actual damages, costs and attorney's fees from MBC in an amount to be determined by the Court pursuant to Cal. Civ. Code §1731(a)(1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

e) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1731(a)(1);

f) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

g) An order directing that each Defendant sends Plaintiff's updated and corrected credit report information to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years; and

h) Award to Plaintiff of such other and further relief as may be just and proper.

///
///
///
///

## TRIAL BY JURY IS DEMANDED

58. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

                          **THE CARDOZA LAW CORPORATION**

DATED: June 7, 2022      BY: /s/ Lauren B. Veggian
                                       Lauren B. Veggian, Esq.
                                       Michael F. Cardoza, Esq.
                                       Attorneys for Plaintiff,
                                       Lawrence Michael Doherty, Jr.

# ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

**ELECTRONICALLY STORED INFORMATION REQUEST**